opinion of the court
Edward H. Lehner, J.
In considering the numerous requests for default judgments in summary nonpayment proceedings submitted during the week ending June 29, 1984, this court must determine, in light of the recent decision in Eight Assoc. v Hynes (102 AD2d 746), whether it has jurisdiction over the various respondents who were allegedly served by conspicuous service. One of such requests was made in this proceeding.
In Eight Assoc. (supra) the process server affixed a copy of the petition and notice of petition to respondents’ door at 12:28 p.m. on a weekday. The majority held that “[ujnder the facts present herein, one attempt to serve process during ‘normal working hours’ did not satisfy the ‘reasonable application’ standard” (p 747) set forth in the statute, but added that “[i]n so doing we do not rule that such service during ‘normal working hours’ would be insufficient under all circumstances.” (At p 747.) The court, in finding a lack of jurisdiction did not specify the minimum efforts a process server must undertake to constitute “reasonable application” under RPAPL 735, nor define the term “normal working hours.”
*1097 The majority cited (with approval) the Second Department decision in Brooklyn Hgts. Realty Co. v Gliwa (92 AD2d 602), where it was held that to be a basis for conspicuous service an attempt “must be made at a time when the process server could reasonably expect someone to be home” as “the effort must have some expectation of success”.
The dissenting Justices contended that the majority ruling “eliminates conspicuous place service (nail and mail) as a basis for acquiring jurisdiction in a summary proceeding” and that “any such service during ‘normal working hours’ will be ineffective to confer jurisdiction since it will not constitute ‘reasonable application’ under the statute.” (Eight Assoc. v Hynes, 102 AD2d 746, 749, supra.)
As a consequence of the foregoing decision, each Judge, until there is come clarification, will have to independently set standards necessary to sustain jurisdiction. Hence, although in commenting on practice in our court the Appellate Term recently said (Central Park Gardens v Ramos, NYLJ, April 9,1984, p 12, col 6) that “uniform rules of civil procedure and substantive law must be applied so as to avoid an intolerable spectacle of matters being determined more upon the basis of which judge may be presiding in a given case than upon the bases of such uniform rules * * * and substantive law”, applicants for default judgments will now most likely face different guidelines for jurisdictional determinations depending on the individual Judge’s interpretation of RPAPL 735.
Of the 104 requests submitted for default judgments relating to residential premises in which conspicuous service was alleged, none asserted a prior attempt at personal or substituted service. The affidavits merely state the process server’s inability to serve the named tenant personally, indicating neither the date nor the time of the alleged attempt. The assumption to be made is that in each instance the prior unsuccessful attempt took place immediately prior to the affixing or placing of a copy of the petition and notice on or under the entrance door. Of these 104 alleged services, only 22 assert an attempt at personal or substituted service before 8:00 a.m. or after 6:00 p.m.
*1098 Although all applications are before the court because of the alleged default of the tenant, the court may not grant a final judgment without at least ascertaining whether the affidavit of service shows attempts of service sufficient to satisfy jurisdictional requirements.
Although, as indicated by the dissent in Eight Assoc. (supra) the working hours of people vary, the test to be applied is not whether a particular respondent works during such hours, but rather whether it is reasonable for a process server to believe that a person will be home during particular hours. Obviously, people often go places other than home after work, particularly in an urban area such as New York wheye there are diverse entertainment attractions.
Nevertheless, process servers may reasonably expect a person to be home before and after normal working hours.
What then are normal working hours? The court finds that such hours are 9:00 a.m. to 5:00 p.m. (Monday through Friday) with one hour subtracted at the beginning and added at the end of the day for transportation.
Thus, the court rules that unless the process server shows that he had reason to believe a respondent will be home between 8:00 a.m. and 6:00 p.m., process served by conspicuous service during such hours will not be sufficient to sustain jurisdiction. This will be true no matter how many attempts are made if all efforts are made during these hours without any reasonable belief that the respondent will be home.
For attempts made other than during normal working hours, it would appear from the cases that one attempt is sufficient unless it can be shown that the process server had reason to believe that the respondent would not be home when the attempt was made.
Service should also not be permitted during normal resting hours, which the court rules to be between 10:30 p.m. and 6:00 a.m. A person should be free of interruption during these hours. In this connection, it may be noted that subdivision 6 of section 601 of the General Business Law prohibits a creditor, to whom a debt from a consumer transaction is owed, from communicating with a debtor *1099 during “unusual hours” (undefined in the statute). Although the statute may technically not be applicable to a claim for rent, it nevertheless illustrates a legislative intent to safeguard individuals against efforts at collection of personal obligations at certain hours.
In view of the above, the court denies the applications for default judgments in the 82 cases where the only effort at service consisted of one attempt during normal working hours. This denial is without prejudice to any petitioner submitting proof to show that the process server had information that gave him reason to believe that respondent would be home during these hours.